UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Microsoft Corporation, a Washington corporation,** | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1243 |
| | § | |
| **Li M. Chen, an individual a/k/a/ Mark Chen d/b/a Microsource International a/k/a Chipmax.com f/k/a The Computer Source or Computer Source USA, And Li M. Chen, an individual a/k/a Mark Chen,** | § § § § § § § § | |
| Defendants. | § § § | |

## MEMORANDUM AND ORDER

This civil action alleging copyright infringement, trademark infringement, false designation and representation, and related state law claims arises from Defendants' alleged marketing and sale of counterfeit Microsoft software products. Defendants have filed a motion to dismiss the Complaint and alternative motion for a more definite statement, arguing that Microsoft's pleadings do not satisfy the requirements of the Federal Rules of Civil Procedure. Defendants have also filed a motion to stay or abate the proceedings and extend time to respond to the Complaint, pending the resolution of criminal charges against Defendant Li M. Chen. After considering the parties' filings and the applicable law, the Court finds that Defendants' motion to dismiss and alternative motion for a more definite statement, Docket No. 7, and their motion to stay or abate proceedings and extend time to respond to the Complaint, Docket No. 8, should be and hereby are **DENIED**.

I.     **THE MOTION TO DISMISS**

   A.     **Pleading Standard**

Defendants argue that, although Microsoft's claims do not explicitly allege fraud, they nonetheless are grounded in fraud, and therefore Microsoft should be held to the heightened pleading standard of FED. R. CIV. P. 9(b). (Defs.' Mot. to Dismiss at 3.) Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The 9(b) standard has been described as requiring a plaintiff to specify "who, what, when, where, and how" in pleading a fraud claim. *See Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 179 (5th Cir. 1997).

Defendants cite Fifth Circuit case law applying the 9(b) standard to "fraud-like" claims and to claims "grounded in fraud." (Defs.' Mot. to Dismiss at 2-3.) Each of these cases, however, asserts claims founded on expressly stated claims of fraud. *See Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) (applying the 9(b) standard to a Securities Act claim "in light of the complaint's wholesale adoption of the allegations under the securities fraud claims for purposes of the Securities Act claims"); *Williams*, 112 F.3d at 177 (applying the 9(b) standard to "securities *fraud* [claims,] . . . RICO claims *resting on allegations of fraud*," "state law claims of common law *fraud*," and negligent misrepresentation claims that the plaintiffs "did not attempt to distinguish" from the fraud claims) (emphases added).

Defendants also cite cases from other jurisdictions applying the 9(b) standard to copyright and Lanham Act claims and to claims seeking the imposition of constructive trusts. (Defs.' Mot. to Dismiss at 3.) Each of these cases, however, either involves

explicit allegations of fraud or acknowledges that the applicability of Rule 9(b) to infringement claims is an open question. *See Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 439-40 (5th Cir. 1994) (finding Rule 9(b) applicable not because the plaintiff sought a constructive trust but because the complaint alleged that the defendant had "willfully, maliciously, and fraudulently" deprived the plaintiff of money); *Stewart v. Wachowski*, No. CV 03-2873 MMM, 2004 WL 2980783, at *5 n.32 (C.D. Cal. Sept. 28, 2004) (stating merely that "it is . . . arguable that willful infringement is a species of fraud that should be subject to Rule 9(b)"); *In re Century 21-RE/MAX Real Estate Adver. Claims Litig.*, 882 F. Supp. 915, 927 (C.D. Cal. 1994) (applying Rule 9(b) to a Lanham Act claim alleging false advertising); *Barr Labs., Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111, 117-18 (E.D.N.Y. 1993) (same); *Max Daetwyler Corp. v. Input Graphics, Inc.*, 608 F. Supp. 1549, 1556 (E.D. Penn. 1985) (same); *Bangkok Crafts. Corp. v. Capitolo de San Pietro in Vaticano*, No. 03 Civ. 0015 RWS, 2004 WL 3019771 (S.D.N.Y. Dec. 29, 2004) (requiring pleading with particularity only as to the fraud claim); *CollegeNet, Inc. v. Xap Corp.*, No. CV-03-1229-HU, 2004 WL 2303506, at *4-*5 (D. Or. Oct. 12, 2004) (applying Rule 9(b) to unfair competition claims based upon allegations of false and misleading statements); *Dixie Mercerizing Co. v. Triangle Thread Mills*, 17 F.R.D. 8, 9 (S.D.N.Y. 1955) (requiring that "allegations of *fraud* be stated with particularity") (emphasis added).

Microsoft's claims do not rely on allegations of fraud. A single use of the adjective "fraudulent" in describing Defendants' conduct (*see* Compl. at 18) does not justify the application of Rule 9(b)'s heightened pleading standard to claims that are otherwise subject only to the liberal notice pleading requirements of Rule 8(a). *See* FED.

R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (holding that Rule 9(b) imposes a heightened pleading requirement only "in two specific instances" and that application of the 9(b) standard to unenumerated claims "is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation"). This Court therefore applies the Rule 8(a) standard to Microsoft's claims.

### B.     Adequacy of the Complaint

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994). Microsoft has sufficiently pled both of these elements. The Complaint specifies which copyrights and trademarks Microsoft owns, and it alleges that Defendants sold counterfeit copies of the copyrighted and trademarked property.

It is readily apparent that Microsoft's Complaint gives Defendants ample notice of the bases for the claims against them. *See Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004) ("Rule 8(a) does not require pleading specific facts in support of each element of plaintiff's *prima facie* case; instead, plaintiff must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)). Defendants cannot honestly claim to be unaware of the nature of the allegations against them. Microsoft claims that

Defendants knowingly or in willful ignorance marketed and sold counterfeit Microsoft software products. It need not allege specific facts in support of its claims at the pleading stage. *Id.* Therefore, both Defendants' motion to dismiss and their motion for a more definite statement must be denied.

II.     **THE MOTION TO STAY OR ABATE AND EXTEND TIME**

This motion seeks a stay or abatement and extension of time to respond, pending the resolution of a state criminal proceeding against Mr. Chen. According to a status report submitted by the parties on September 1, 2005, that criminal proceeding has been resolved. Defendants' motion to stay or abate and extend time is therefore moot.

**CONCLUSION**

Defendants' motion to dismiss and alternative motion for a more definite statement are hereby **DENIED**. Defendants' motion to stay or abate and extend time is hereby **DENIED** as moot.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 29th day of September, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**